UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No.: 25-cr-00268 (JMC) |
| | : |
| JOSHUA MATTHEW LITTLE, | : |
| | : |
| *Defendant.* | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I.   Summary of the Plea Agreement

The defendant, Joshua Little, agrees to admit guilt and enter a plea of guilty to Counts One and Two of the Criminal Information in the above-captioned case, charging him with two counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a).

### II.   Elements of the Offense

The essential elements of the offense Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a), each of which the government must prove beyond a reasonable doubt, are:

1.   The defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Homeland Security Investigations (HSI) Special Agent Michael Grys and United States Deputy Marshal Daniel Benson;

2.   At the time the defendant did so, HSI Special Agent Michael Grys and United States Deputy Marshal Daniel Benson were federal officers; and

3.  The defendant did so on account of, or while, HSI Special Agent Michael Grys and United States Deputy Marshal Daniel Benson were engaged in the performance of their official duties.

### III. Penalties for the Offense

The penalty for Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a) is as follows:

1.  a term of imprisonment of not more than one year;
2.  a fine not to exceed $100,000;
3.  a term of supervised release of not more than one year; and
4.  a special assessment of $25.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

### IV. Brief Statement of the Facts

Had this case gone to trial, the Government's evidence would have proven the following beyond a reasonable doubt:

On August 22, 2025, at approximately 2130 hours, multiple law enforcement agencies, including HSI and the United States Marshals Service (USMS) were patrolling the area of Minnesota Avenue NE and Blaine Street NE, Washington, DC. The defendant was in the driver's seat of a grey Toyota Camry parked at one of the gas pumps at the Citgo gas station, located at 3820 Minnesota Avenue NE, Washington, DC. HSI agents and deputy marshals, who were wearing clothing or insignia that identified them as law enforcement, entered the gas station parking lot and passed by the front of the Camry. As they did so, the defendant drove the car to

2

the parking lot exit and encountered HSI Special Agent Michael Grys. Special Agent Grys attempted to stop the defendants Camry by standing in front of the vehicle, shouting, and signaling with a flashlight for the defendant to stop the vehicle. The defendant accelerated the vehicle out of the parking lot, struck Special Agent Grys, and fled the scene. The defendant acted knowingly and intentionally and not by mistake or accident.

The next day, on August 23, 2025, the defendant was driving the same Toyota Camry and stopped at a stoplight at the intersection of Minnesota Avenue and Randle Circle SE, Washington, DC, when the USMS and other officers used multiple vehicles, with their emergency lights activated, to surrounded and block the Camry. The marshals and officers, all of whom were wearing clothing or insignia identifying them as law enforcement, got out of their vehicles and ordered the defendant to exit his car. The defendant did not comply and began to drive the Camry back and forth in an attempt to escape, and struck a USMS vehicle, damaging both driver-side doors. When the defendant struck the USMS vehicle, Deputy Marshal Daniel Benson was trying to exit the rear driver's side door and was forced to jump onto the hood of the Camry to avoid being pinned between the Camry and the USMS vehicle. The defendant acted knowingly and intentionally and not by mistake or accident.

Respectfully Submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      /s/ Peter V. Roman
             Peter V. Roman
             Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to two counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a). I have discussed this proffer fully with my attorney, Melissa Jackson, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

12/1/2025
Date

Joshua Little

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to two counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 12/1/2025

Melissa Jackson, Esq.
Counsel for Defendant

4